IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:23-cv-00287 |
| | ) | 7:23-cv-00288 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SHERIFF BRYAN HUTCHESON, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Tarun Kumar Vyas, a Virginia inmate proceeding *pro* se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging several claims against several defendants, stemming from events that allegedly occurred at the Rockingham-Harrisonburg Regional Jail, where he is housed. *See Vyas v. Hutcheson*, Civil Action No. 7:23-cv-00269 (W.D. Va.)  On May 19, 2023, the court issued an opinion and order severing Vyas' claims into separate lawsuits. (Dkt. No. 1-3.)  The court subsequently granted Vyas' motion to consolidate Case No. 7:23-cv-287 with Case No. 7:23-cv-288. (Dkt. No. 7.)  Pursuant to court order (Dkt. No. 21), Vyas filed an amended complaint (Dkt. No. 26).  The amended complaint names Sheriff Bryan Hutcheson, Jimmy Wimer, and various unknown deputies and lieutenants as defendants.

This matter is before the court for review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes that Vyas has failed to state a claim for which relief can be granted, and his claims must be dismissed.  Because it is possible that Vyas—with additional factual allegations—may be able to state a claim that he was unconstitutionally denied access to the courts, the court will give Vyas an opportunity to file an amended complaint within thirty days, asserting only that claim, should he so choose.

## I.  BACKGROUND

Vyas' amended complaint contains the following allegations:

- Defendants failed to provide a computer workstation or any other similar facility where plaintiff can type, print, and/or photocopy legal material (Am. Compl. at 2);

- Defendants failed to provide more than one copy of incoming legal mail (*id.*);

- Defendants failed to provide plaintiff with free stamps to send legal mail.  Plaintiff alleges that the prepaid stamps can only be used to mail legal mail containing eight pages or less.  This results in plaintiff needing to mail legal filings to someone outside the jail, who puts it together and mails it to court on his behalf (*id.* at 5); and

- Defendants failed to provide level 1 and level 2 appeal forms, which are needed to appeal a grievance response (*id.* at 6).[1]

Vyas requests preliminary injunctive relief giving him access to print, type, and photocopy material at a computer workstation for legal material up to nine hours per week.  (*Id.* at 8.)  Vyas also seeks compensatory and punitive damages.  (*Id.*)

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are

---

[1] Vyas also asks the court to consider a portion of the original complaint as part of this amended complaint. (Am. Compl. at 7.)  The court will not do so.  The court clearly warned Vyas that his amended complaint "must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed," and that "*The amended complaint shall replace Vyas's current complaint and all proposed amendments and it shall constitute the sole complaint in this matter.*"  (Dkt. No. 21 at 3–4 (emphasis in original).)

given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Vyas' complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Liberally construed, Vyas appears to be alleging a claim that defendants impeded his access to court. *See, e.g.*, *Corporal v. Weber*, No. 21-7120, 2023 WL 4618291, at *1 (4th Cir. July 19, 2023) (addressing prisoner's claim that defendants "denied him meaningful access to the courts by using an inefficient private mail delivery system, rather than the United States Postal Service (USPS), to deliver inmates' legal mail, and by severely curtailing WCI's library services in response to the COVID-19 pandemic"). Prisoners have a constitutional right to meaningful and effective access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351. Prison law libraries and legal assistance programs "are not ends in themselves, but only the means for ensuring a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds*, 430 U.S. at 825). "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Ultimately, the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim," and it "follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* (citing *Lewis*, 518 U.S. at 353). Plaintiff has failed to identify a nonfrivolous or arguable underlying claim that he has lost due to the actions of defendants. Therefore, Vyas has failed to state an actionable § 1983 claim based on his constitutional right to court access.

Vyas' other claim appears to be that he was denied access to certain parts of the prison's internal grievance process. "Inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 542 (4th Cir. 2017).

Finally, Vyas' complaint is defective for the additional reason that it includes no specific allegations about how the named defendants were involved in violating his rights. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in

violation of the plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Vyas' complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim that he was denied access to the courts, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only his access to the courts claim, if he so chooses.

An appropriate order will be entered.

Entered: September 22, 2023.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge