CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 7:23-cv-00287<br>) |
| v. | )<br>) |
| SHERIFF BRYAN HUTCHENSON, *et al.*,<br>    Defendants. | ) By: Elizabeth K. Dillon<br>)     Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tarun Kumar Vyas, a Virginia prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 that was severed into several actions, including this one, which involves his claim that jail officials did not provide a computer workstation, photocopies of legal materials, and prepaid stamped envelopes. (Compl., Dkt. No. 1.) On September 22, 2023, the court issued an opinion and order dismissing this action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), except that his First Amendment right of access to the courts claim was dismissed without prejudice. (Dkt. Nos. 31, 32.) Subsequently, a motion for voluntary dismissal without prejudice, filed by plaintiff, was docketed. (Dkt. No. 33.) Also before the court is plaintiff's motion to reconsider the court's dismissal with prejudice. (Dkt. No. 34.)

The court construes plaintiff's motion to reconsider as a motion to alter or amend judgment pursuant to Rule 59(e) because it was filed within 28 days of the court's judgment. Fed. R. Civ. P. 59(e). Such motions can be granted (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

In his motion to reconsider, plaintiff argues that he mailed the motion for voluntary dismissal before the court issued its dismissal order. (Dkt. No. 34.) Plaintiff's motion for voluntary dismissal includes a certification, under penalty of perjury, that he placed the motion in his institution's internal mail system on September 21, 2023. (Dkt. No. 33.) Thus, pursuant to the mailbox rule, plaintiff's motion for voluntary dismissal is deemed to be filed on September 21, 2023, the day before the court issued its dismissal order. *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988) (holding that a pro se prisoner's legal document is deemed filed on the date the prisoner delivers it to prison mailroom authorities); *Conley v. Va. Dep't of Corr.*, Case No. 7:23-cv-00367, 2023 WL 5808841, at *3 (W.D. Va. Sept. 7, 2023).

Plaintiff has an absolute right to dismissal without a court order if he files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). This rule is applicable in cases subject to the Prison Litigation Reform Act (PLRA), even though the purpose of the PLRA's screening provisions is to deter frivolous litigation. *See Smith v. Williams*, 67 F.4th 1139, 1141 (11th Cir. 2023) ("We find no language in the PLRA purporting to limit or condition a plaintiff's right to voluntarily dismiss an action 'without a court order' under Rule 41(a) in the prisoner-litigation context."). In *Smith*, the court allowed the plaintiff to voluntarily dismiss his action when the plaintiff did so in response to a magistrate judge's report and recommendation that the case be dismissed for failure to state a claim under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See id.* While a plaintiff could not avoid a strike by filing a Rule 41(a)(1)(A)(i) notice *after* a district court's order of dismissal pursuant to § 1915A(b)(1), in this matter, plaintiff filed his request for voluntary dismissal before the court's order of dismissal. As in *Smith*, plaintiff's Rule 41 motion was "effective immediately upon filing and deprived the court of jurisdiction over the case." 67

F.4th at 1141. Thus, the court will grant plaintiff's motion for reconsideration and motion for voluntary dismissal of this action, without prejudice.

For these reasons, it is HEREBY ORDERED that plaintiff's motion for reconsideration (Dkt. No. 34) is GRANTED, and his motion for voluntary dismissal without prejudice (Dkt. No. 33) is also GRANTED. The Clerk is directed to transmit a copy of this order to plaintiff.

Entered: August 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge